IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U. S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAY 12  A 10: 00

CLERK  *L. Salvetoire*

TYRICKUS B. GLADMON,

          Plaintiff,

     vs.                                                CIVIL ACTION NO.: CV605-074

GLENN RICH, Warden;
R. D. COLLINS, Deputy Warden;
Lt. BYRD; Sgt. JASON D. BURNS;
Officer SIMMONS, and JOHN DOE,

          Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia,  filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia. R.D. Collins, Officer Simmons, Glenn Rich, and Jason Burns ("Movants") filed Motions to Dismiss[1], which the Court has construed as Motions for Summary Judgment.[2] Plaintiff has responded.  Movants filed a Reply.  For the reasons which follow, the Motions should be **GRANTED**.

---

[1] Simmons and Collins filed a Motion to Dismiss, and Rich and Burns each filed a Motion adopting the Motion filed by Simmons and Collins.  Simmons and Collins also filed a Reply, which Rich and Burns adopted. Plaintiff has responded to these Motions.

[2] If a motion to dismiss for failure to state a claim upon which relief may be granted is filed pursuant to FED. R. CIV. P. 12(b)(6) and "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b).  Plaintiff filed affidavits outside of the pleadings in this case, and the Court did not exclude these affidavits.  (Doc. No. 11.)

## STATEMENT OF THE CASE

Plaintiff, through counsel, contends that he was "brutally beaten, kicked, and repeatedly brutalized about his head, face, and body by Defendants Sergeant Burns and Officer Byrd at Rogers State Prison." (Compl., ¶ 6.) Plaintiff also contends that Simmons and John Doe, officers at GSP, beat him after Burns and Defendant Byrd told them "to get the Plaintiff" after he was transferred to GSP. (Id.) Plaintiff asserts that he was unable to file a grievance while he was at Rogers State Prison because he was taken immediately to GSP. Plaintiff alleges that he tried to obtain a grievance form at GSP but was told that the grievance would have to be processed at Rogers State Prison. Plaintiff also alleges that he repeatedly asked for a grievance form at GSP and obtained one after the time for filing his grievance had expired. (Compl., ¶ 12.) Plaintiff avers that Rich and Collins, who were the Warden and Deputy Warden at Rogers State Prison, knew of and condoned the assaults of inmates by officers at Rogers State Prison and were deliberately indifferent to his safety.

Movants contend that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, *et seq.*, and the Georgia Constitution. Movants also contend that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of

2

Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must

3

follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Movants allege that the Georgia Department of Corrections adopted a three-step grievance process. The first step required an inmate to file an informal grievance, and these forms were available in the prison control rooms and from a counselor or officer on duty for those inmates in the Special Management Unit. If dissatisfied with the Warden's response to the informal grievance, an inmate could file a formal grievance. If the inmate were still dissatisfied with the response, he could file an appeal with the Central Office. Movants assert that Plaintiff admits that he did not exhaust his administrative remedies.

Plaintiff alleges that he did not file a grievance after the assault at Rogers State Prison because he was transferred to GSP immediately thereafter to prevent him from

4

filing a grievance at Rogers State Prison. Plaintiff also alleges that he was assaulted again upon his arrival at GSP and was threatened with further assaults if he told anyone about this assault. Plaintiff contends that he repeatedly requested a grievance form from a counselor at GSP but was told that this grievance would have to be processed at Rogers State Prison. Plaintiff also contends that he was given a grievance form, after many attempts to obtain one, after the time for filing the grievance had passed. Plaintiff further contends that the counselor at GSP refused to process the grievance because it was untimely filed.

Movants assert that, even if what Plaintiff alleges is true, this does not excuse his failure to exhaust his administrative remedies. Movants contend that Plaintiff could have filed an emergency grievance, and necessary action would have been taken to protect Plaintiff while the matter was investigated. Movants also contend that Plaintiff could have filed an out-of-time grievance and that the grievance form provided a space for an inmate to explain his tardiness in filing a grievance. (Doc. No. 12, p. 2.)

According to the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001, grievance forms were to be filed within five (5) business days from the date the inmate discovered, or reasonably should have discovered, the incident giving rise to the complaint and was able to file the grievance. The Grievance Coordinator could waive this time limit for "good cause shown." (Ex. A, attached to Draper Aff., p. 6.) The inmate then had four (4) business days after his receipt of the Warden's response to file an appeal. (Id. at 9.) In addition, SOP IIB05-0001 permitted an inmate to file with the Grievance Coordinator or senior staff member on duty an emergency grievance when an inmate faced "potential irreparable harm." (Id. at 11.) Finally, SOP IIB05-0001 allowed for

5

the filing of a grievance at one facility concerning events which occurred at another facility. (Id. at 7.)

Sarah Draper, the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections, provided affidavits in support of the Motions. In her affidavits, Draper states that Plaintiff filed one grievance during his incarceration, and that grievance was filed in May 2005. Draper declares that this grievance dealt with Plaintiff being assigned to three work details. Draper also declares that Plaintiff did not file a grievance in which he asserted that he was assaulted by officers at Rogers State Prison in November 2003. (Doc. No. 5, Ex. 1, ¶¶ 12-13.) Draper states that an inmate was allowed to file out-of-time grievances for "good cause" shown and that an inmate could also file an untimely grievance concerning events which occurred at one facility after he was transferred to another facility. (Doc. No. 12, Ex. 1, ¶ 13.)

A review of Plaintiff's "Inmate Grievance History" shows that he filed a grievance in 2005. (Doc. No. 9, Ex. 2.) The exhibits Plaintiff filed reveal that he did not file a grievance while he was incarcerated at Rogers State Prison. These exhibits also reveal that Plaintiff attempted to obtain a grievance form once he was transferred to GSP and received a form after the time limit expired. (Doc. No. 11, Att. 3.) However, nothing before the Court indicates that Plaintiff filed an emergency grievance or that he attempted to show prison officials good cause to excuse the untimely filing of a grievance pertaining to the alleged assault at Rogers State Prison. These were two remedies available to Plaintiff while he was incarcerated in Georgia. Thus, it appears that Plaintiff failed to exhaust his available administrative remedies pertaining to the alleged assault in November 2003 prior to filing his Complaint.

6

AO 72A
(Rev. 8/82)

It is unnecessary to address the remaining grounds of Movants' Motions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motions filed by Simmons, Collins, Rich, and Burns (Doc. Nos. 3, 4, and 18) be **GRANTED**, and that Plaintiff's claims against Simmons, Collins, Rich, and Burns be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies before filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this _12th_ day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev. 8/82)